## State *versus* Inhabitants of Madison.

A request, by a defendant in a criminal prosecution, that the Court would instruct the jury upon a legal point, which was relied on in the defence, precludes him from objecting to the *right* of the Court to instruct the jury, though unfavorably to him, upon that point.

Whether in criminal suits the jury are the judges of the law, *non dicitur.*

In the defence of a criminal prosecution, for a defect in a highway, established by the County Commissioners, it is not competent to prove, even by the Commissioners' record, that there were irregularities in their preliminary proceedings.

Exceptions from the District Court, Rice, J.

Indictment for a defect in the county road.

The record of the County Commissioners shows that they did not record their location at the next term of their court.

The defendant requested the Judge to instruct the jury that the record did not prove a legal establishment of the highway, and that, on this branch of the case, the defendants were entitled to the verdict.

The Judge instructed the jury, that, as to this branch of the case, the issue was made out by the State, and that their verdict should be for the State. The defendants excepted.

*Abbott,* in support of the exceptions.

This is a criminal prosecution. In it, the same strictness of procedure is requisite, as in any criminal case against an individual, even for the highest offence.

The ruling of the Judge was peremptory; it left nothing for the jury. It decided the point of law, which it was in the province of the jury, not of the Court, to decide. 18 Maine, 246.

Shepley, C. J. — Do you suppose, because the jury are to judge of the law, that, therefore, the Judge is not to decide it? Is he released from that duty?

*Abbott.* I cannot reconcile that the Judge and the jury should each have the power to make a binding decision. If the jury are to participate in any degree, in deciding the law, there ought to have been some modification in the instruction, in order to let in the jury to their *modicum* of the right.

But apart from this question, we contend the doctrine of the

instruction was erroneous. [The counsel then pointed out the delinquencies in the record of the County Commissioners.]

*Hutchinson,* County Attorney, *contra.*

HOWARD, J., orally.— The defendants raised a question of law, growing out of the records, and requested the Judge to decide it, and to decide it in their favor. He decided it, but decided it in favor of the State. Having made this request, that the Judge would adjudicate upon the law, they cannot now object that he did so. If the request was not a recognition of his *right,* it was at least an assent, on their part, that he should exercise the power of deciding. They, however, are not precluded from objecting to the soundness of the instruction. Such an objection they have accordingly urged. But we think it is not well founded. Whatever of irregularity might be pointed out as to the preliminary proceedings by the County Commissioners, their final adjudication, like other judgments of courts, are to be held valid, until reversed upon legal process.

*Exceptions overruled, and case remanded.*