## 1023.  REALTY COMPANY *v.* ELLIS.

1. Where one party in the trial of a case asserts and urges upon the court a legal conclusion affecting a material portion of the case, and the opposite party, without awaiting a ruling of the court, acquiesces in the proposition maintained, by his adversary, and gives his case affirmative direction consistent with this asserted view, the action of the court in allowing this to be done affords no cause of exception to the party asserting the legal conclusion, whether the position so asserted and urged was correct or not.

2. That a plaintiff has brought his action prematurely is a defense not going to the merits of the plaintiff's demand, and is dilatory only. It must be raised at the first term by plea, unless the fact appears on the face of the pleadings, when it may be raised by a specific demurrer.

3. An agent or servant who has been wrongfully discharged may sue for a breach of the contract of employment without waiting till the end of the time within which he was to perform the contract; and all relevant facts transpiring between the discharge and the trial may be shown and considered in estimating damages.

4. In an action for wrongful discharge from employment, the measure of damage is the full loss sustained by the person discharged by reason of the breach of the contract existing between the parties. A diminution is to be allowed, however, for any profit which the discharged person made or by reasonable diligence might have made by reason of his being relieved from the duties of the employment. The burden of proving that such a profit was made or by reasonable diligence could have been made is upon the party committing the wrongful discharge.

5. Alleged errors in rulings upon subsidiary propositions are wholly immaterial and will not be considered, when there has been an errorless and authorized finding of the jury against the main proposition upon the existence of which the subsidiary propositions are necessarily dependent.

6. It is not reversible error, under section 4334 of the Civil Code, for the judge, in discussing with counsel the admissibility of testimony, the propriety of a nonsuit, the direction of a verdict, or similar matters in the progress of the trial, or in explaining his rulings upon questions of this nature, to refer to the evidence or to the statements of witnesses, provided he does not go out of the line of legitimate discussion upon the point presented or use such language as to indicate apparent or actual

judicial approval or disparagement of any witness or of any part of the testimony.

7. No reversible error appears in the record.

Complaint, from city court of Macon,—Judge Hodges. January 25, 1908.

Argued April 23,—Decided June 18, 1908.

*Nottingham & Cabaniss,* for plaintiff in error.

*Roland Ellis,* contra.

POWELL, J. To state the case without going into any great particularization: Ellis was an architect. Sparks and his associates desired to build certain apartment houses, using in part the materials from an existing structure. Ellis agreed with them to draw the plans and specifications and to supervise the work for the usual percentage, to be based upon the total cost of the work, including a reasonable allowance for old materials. Afterwards Sparks and his associates caused the defendant corporation to be created, and, according to the answer filed in the suit, it assumed the contract with Ellis. It was contemplated originally that the work should be let to contractors; but the defendant finally decided to undertake to do the building through foremen and day-laborers. This proved to be unduly expensive. After a large portion of the work had been done, the defendant discharged Ellis, relieving him from further supervision, but retaining his plans and specifications. Ellis sued, alleging an indebtedness of $4,000, according to a bill of particulars in the following form: "To plans and specifications Apartment House, Lanier Place, 5% of cost of building ($90,000), $4,500; credit by cash on account, $500; balance due, $4,000." The defendant pleaded, as its excuse for discharging Ellis, that, as a part of his contract of employment, he was to make and did make an estimate of the cost of the buildings; that upon the faith of this estimate the defendant embarked upon the enterprise; that as the work progressed it was found that the cost would grossly exceed and did greatly exceed the estimate given; and that for this they were entitled to discharge him. Ellis made the contention, and supported it by proof, that he had no agreement to make any estimate; that the estimates on which defendant acted were purely bids of contractors, with which he had no further connection than to receive them and to submit them to the officers of the defendant company. Further facts necessary to

an understanding of the case will be stated in the opinion. The jury gave the plaintiff a verdict for the full amount claimed.

1. At the conclusion of the plaintiff's testimony the defendant moved for a nonsuit, on the ground that the plaintiff had established by his proof an entire contract by which he was not only to draw plans and specifications but also to supervise the building; that the suit was for plans and specifications only; therefore the plaintiff had not proved his case as laid. To avoid the effect of this motion the plaintiff offered an amendment to his statement of the cause of action, by adding after the words "plans and specifications" the words "and supervision." The defendant objected to this amendment, on the ground that it added a new and distinct cause of action. The court allowed it and the defendant preserved exceptions.

The petition does not disclose its exact nature; whether it is upon contract or upon account for services rendered. The defendant, in the motion for nonsuit, assumed and urged the legal proposition that the action was based upon the contract itself as an entirety; and the plaintiff, by amending without awaiting the ruling of the court, acquiesced in this interpretation. Even if the defendant's point as to this were not well taken, when the defendant proposed to give the case this factitious status and the opposite party acquiesced and acted, it would not thereafter lie in the defendant's mouth to disclaim it. If the plaintiff's case rested on an entire contract, and this was the cause of action on which he sued, but, in declaring his case originally, he omitted to state it with that fullness requisite to show the whole contract and the breach, as it was or as his proof showed it to be, surely to insert the omitted details by amendment would not be to add a new and distinct cause of action, but, per contra, would be merely to amplify an abbreviated statement of the same cause of action. That this is permissible will hardly be questioned. Unless the defendant's point were well taken that the plaintiff's suit was based on an entire contract, only a part of which was alleged, the motion for nonsuit would have been wholly without merit, for there was proof as to the value of the services of the plaintiff in the drawing of the plans and specifications, apart from the work of supervision. It is hardly necessary to say that the plaintiff may avoid nonsuit on the ground of variance, by making a permissible amendment

to the pleadings. *Seaboard Air-Line Railway* v. *Fenn,* 120 *Ga.* 664 (48 S. E. 141) ; *Rice* v. *Ware,* 3 *Ga. App.* 573 (60 S. E. 301).

2, 3. One of the contentions of the defendant is that at the time the suit was brought the buildings had not been completed, and that under the contract the sums sued for were not to be due until after the work was finished. There was some dispute in the evidence as to this question, but we do not think it is in the case at all; for the defendant joined issue on the merits without pleading that the suit was prematurely brought. Such a defense does not go to the merits of the plaintiff's case, and should be asserted at the first term by a demurrer or a proper plea. *Horne* v. *Rodgers,* 103 *Ga.* 649 (30 S. E. 562) ; *Goodrich* v. *Atlanta Association,* 96 *Ga.* 803 (22 S. E. 585). Further, the plaintiff, when the defendant wrongfully discharged him, had the right to sue at once and to prove, and to recover for, all damages which may have accrued up to the date of the trial. *Roberts* v. *Rigden,* 81 *Ga.* 440 (7 S. E. 742).

4. The defendant also complains that the jury gave the plaintiff a verdict for commissions on the total cost of the buildings, though a considerable portion of the work was done after the plaintiff's discharge and, therefore, without his supervision. In such an action the measure of damages is the full loss sustained by the discharged agent by reason of the breach of the contract. It is subject, however, to diminution by any amount which the proof shows the agent profited, or in the exercise of reasonable diligence should have profited, by reason of his release from the performance of the services. Civil Code, § 3017. The burden of proving that the discharged agent did profit or by ordinary diligence could have profited himself by reason of his release from the employment is upon the opposite party. *Roberts* v. *Crowley,* 81 *Ga.* 429, 439 (7 S. E. 740). In the case at bar there was no evidence of any facts warranting a diminution of the damages Ellis sustained by reason of the wrongful discharge.

5. The defendant pleaded, that the discharge of Ellis was warranted by reason of the unskilful estimates which, it is claimed, he made as a part of the contract, and that he was not entitled to recover in the suit; it further pleaded, as a recoupment, that certain enumerated damages had ensued to it as a result of this unskilful advice, and prayed judgment against the plaintiff

for that sum. The court charged the jury that if Ellis agreed to make estimates and made the unreasonably small estimates alleged, and furnished them to the defendant, he could not recover; he also submitted to them the question of damages under the plea of recoupment. The jury found for the plaintiff. This finding necessarily means that the plaintiff did not furnish the alleged unskilful estimates; for, under the instruction of the court, the verdict, in the absence of such a finding, would have been for the defendant generally or in a stated sum. Several of the defendant's grounds of error relate to rulings upon matters involved solely in these pleas of recoupment. The finding of fact, necessarily asserted by the verdict, rendered these alleged errors immaterial; for, the question being determined that Ellis did not furnish unskilful estimates, the possibility of any legitimate inquiry into the matters of recoupment is precluded.

6. Complaint is made that the judge, during the progress of the trial, stated that certain witnesses had testified to certain facts. When such expressions are erroneous within the purview of the Civil Code, §4334, and when not, has been clearly pointed out in *Sharpton's* case, 1 *Ga. App.* 542 (57 S. E. 929). See also *F. C. & P. R. Co.* v. *Lucas,* 110 *Ga.* 121 (35 S. E. 283) ; *Brown* v. *State,* 119 *Ga.* 572 (46 S. E. 833) ; *Central R. Co.* v. *Harper,* 124 *Ga.* 836 (4), (53 S. E. 391) ; *Raven* v. *State,* 125 *Ga.* 58 (53 S. E. 816). The exceptions in this record do not show any erroneous abuse of the privilege of the trial judge as to making reference to the testimony in stating his rulings on matters arising in the progress of the trial.

7. The defendant raises the point that the verdict is excessive because the jury based it on the total cost of the building. It is said that it is admitted that through bad management (not claimed to be due to any fault of the plaintiff, however) the building cost $15,000 to $20,000 more than it reasonably should have cost; and it is insisted that the plaintiff should not be allowed a commission on the defendant's "foolish and extravagant outlay of money." There is no merit in this point. The defendant chose to erect the building at its own responsibility. The plaintiff's compensation was to be based on the total cost. If by this plan and unusually good management, or other fortunate combination of circumstances, the usual cost had been greatly lessened, the plaintiff

would have suffered a consequent diminution in the amount to be received by him; it is therefore just that he should claim the benefit of the increased cost when things turned out differently. There are many other assignments of error. We have examined all of them; but find in none of them any sufficient reason for reversing the judgment.                    *Judgment affirmed.*