## 37308. LIBERSON *v.* CITY OF ATLANTA.

DECIDED OCTOBER 1, 1958.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr.,* for plaintiff in error.

*J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins, Ferrin Y. Mathews, Martin Mc-Farland, Edwin L. Sterne,* contra.

FELTON, Chief Judge. Where in a condemnation proceeding both condemnor and condemnee file appeals from the award of the assessors, conceding for the sake of argument only that the court was without jurisdiction to try the case on the appeal of the condemnor alone, such a fact would not invalidate the trial on both appeals since the court did have jurisdiction to try the case on the appeal of the condemnee alone. In such a situation, where the condemnee, without any effort to dismiss her appeal, takes her chances with a jury on the amount of damages due her, she is bound by the verdict for the basic reason that the court had jurisdiction to try the case on her appeal alone and secondarily because she is estopped since the verdict and judgment are not void for lack of jurisdiction. Assuming but not deciding that this court is bound by the majority opinion in *Woodside* v. *City of Atlanta,* 214 *Ga.* 75 (3) (103 S. E. 2d 108), that case would not be controlling here for the reason that the only appeal in that case was by the condemnor and the trial court in that case was held to be without jurisdiction because the condemnor's appeal was void and the court was without jurisdiction. In this case the court had jurisdiction by reason of the condemnee's appeal which jurisdiction was neither dependent upon nor affected by the condemnor's appeal. An appeal by either party entitled both parties to a de novo determination of the issue.

The court did not err in sustaining the condemnor's motion to dismiss the condemnee's motion to set aside and vacate the verdict and judgment rendered by the jury on the trial of the case upon both appeals reducing the award of the assessors by $1,000.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*