## 48707. SMITH v. GEORGIA POWER COMPANY.

PANNELL, Judge.

Appellee instituted condemnation proceedings to acquire an easement in two tracts of land. Tract 1 on the west side of the road was owned by appellant, and tract 2 on the east side of the road was owned jointly by appellant and his sister, Mrs. Mary Michaels. Following

a hearing a special master entered an award to both defendants, the sum of $3,000 including consequential damages as to tract 1, and $3,150 including consequential damages as to tract 2. A timely appeal to a jury in the superior court was filed by the appellant, Smith, only. Neither Mrs. Michaels nor appellee filed an appeal. The superior court ordered the special master's awarded sums disbursed, $3,000 to appellant Smith and $3,150 to appellant and his sister, Mrs. Michaels. At the commencement of the hearing before the jury in the superior court when the court called the docket, appellant's counsel replied, "Ready for the Condemnees." Thereafter, in his opening remarks to the jury, appellant's counsel stated that he represented both appellant and Mrs. Michaels and identified her to the jury as being seated at the counsel table with her brother. In his charge to the jury, the trial judge made repeated references to the "condemnees," without exception. The trial judge concluded his charge to the jury with the following: "I will have prepared a form for you to use to arrive at these two amounts. This form will be sent to you, 'we the jury find in favor of the condemnees the sum of————(blank) dollars as just and adequate compensation for the property taken and damaged.' Where I have used the word blank you would fill in the amount that you find as that just and adequate compensation. 'We find the sum of————(blank) dollars consequential damages.' There again you would fill in the amount that the twelve of you agree upon. When you have reached a verdict as to these two amounts, it should be signed by your foreman, notify your bailiff who will in turn notify the court and you will be allowed to publish it in open court. You may now retire to the jury room to my left." The jury returned to the jury room and the following occurred: "Counsel for appellant: Your Honor, I've prepared a little form of the verdict. You got the east side and it should be west side and we need to separate it into two tracts because of the ownership, I believe. Counsel for appellee: Art and I agreed over the weekend to do that. The court: You just forgot to tell me. Counsel for appellee: Yes sir, I guess so. The court: Well, I assume that there was no problem

about apportioning it or I would have done that earlier. You indicated that there. . . Counsel for appellant: . . . There won't be any as far as we're concerned. Counsel for appellee: No . . ." Immediately thereafter, counsel for appellee stated he had some objections to the charge, which he stated, at the conclusion of which counsel for appellant stated: "I have no objections, Your Honor." The jury returned a verdict finding in favor of the "condemnees" $3,212, as compensation for the property taken, and the sum of $800 consequential damages, a total of $4,012. This amount being $2,138 less than was awarded by the special master, the trial judge entered a judgment in that amount against appellant *and* his sister, Mrs. Michaels. Appellant and his sister then filed a motion to "modify the judgment" and a "motion for a new trial," the motions being filed by the attorney of record. The "motion to modify the judgment" moved: "the Court to modify the verdict of the jury returned on the 10th day of April, 1973 and the judgment of this Court entered on the 16th day of April, 1973 to show that the condemnor is not entitled to recover a judgment against either named condemnees on the following grounds: 1. That the verdict is contrary to law. 2. That condemnee Mary Lorene Smith Michaels did not appeal the award of the Special Master entered on the 7th day of December, 1970 and the Order of this Court entered on the 9th day of December, 1970 *and condemnor is not entitled to recover any amount from her.* 3. *That the verdict and subsequent judgment does not distinguish between the amounts apportioned to either named condemnee and said amounts cannot be apportioned.* 4. *That condemnor did not appeal the award of the Special Master and is bound by the said Special Master's award.* 5. That the condemnor's petition along with the award of the Special Master distinguishes between the two separate tracts of land designated as Tract No. 1 and Tract No. 2; whereas, the verdict and judgment of this Court does not do so. Wherefore, the named condemnees pray that this motion to modify the judgment be sustained and that said judgment be modified to show that the condemnor is not entitled to recover any amount from either said named condemnee."

The "motion for new trial" sought the grant of a new trial "on the grounds that the verdict is contrary to law and that said Mary Lorene Smith Michaels did not appeal the award of the Special Master entered on the 7th day of December, 1970 and the Order of this Court entered on the 9th day of December, 1970, and the verdict of the jury and judgment of this court cannot be entered against her." Both motions were overruled by the trial judge in the following language: "Condemnees' motion for new trial and motion to modify the judgment having come before the court as scheduled and the court having heard argument from counsel for all parties involved and the court having further considered the record of the trial of said matter, and having further considered the conduct of and appearances at the trial by the parties hereto and their counsel, It is Hereby Ordered and Adjudged that the condemnees' motion for new trial and motion to modify the judgment be and hereby are denied and overruled." A notice of appeal from the overruling of these motions was filed by Robert J. Smith, Jr., alone, as one of the condemnees below. His enumerations of error are as follows: "1. The court erred in entering a judgment in favor of appellee when appellee had not timely appealed the award of the Special Master. 2. The court erred in failing to charge the jury that they should return a verdict separating the two distinct tracts of land which had been condemned. 3. The court erred in entering a judgment jointly against appellant and Mary Lorene Smith Michaels. 4. The court erred in refusing to modify its judgment or grant a new trial." *Held:*

1. Appellant enumerates that the court erred in entering the judgment in favor of appellee when appellee had not timely appealed the award of the special master. Appellant contends that since condemnor appellee had not entered an appeal to a jury on the question of value or damages for the taking, the jury could only increase the award but could not reduce it, citing Commonwealth Dept. of Highways v. Berryman (Ky.) 363 S. W. 2d 525, sustaining such a contention under the Kentucky statutes relating to condemnation. The Georgia statute has been construed to the contrary to the effect that "[a]n appeal by either party entitled both parties to a de novo

determination of the issue." *Liberson v. City of Atlanta,* 98 Ga. App. 255, 256 (105 SE2d 376). See also Ga. L. 1894, p. 98; 1967, pp. 143, 147 (Code Ann. § 36-601); Ga. L. 1957, pp. 387, 396 (Code Ann. § 36-614a); Ga. L. 1957, pp. 387, 388 (Code Ann. § 36-602a).

2. Appellant complains that a joint money judgment against appellant and Mrs. Michaels was not authorized because she did not enter an appeal from the award of the special master to a jury in the superior court. Assuming, without deciding that Mrs. Michaels was not a party to such appeal and that the verdict could not legally affect her rights to keep the amount she took down on the order of the court, that is a matter about which she makes no complaint in this court as she entered no appeal to this court from the overruling of her motion to modify the judgment (ground 2) and her motion for new trial, both of which raised this very question pertaining to the error of rendering a judgment against her under these circumstances. Therefore, any error as to Mrs. Michaels is not a matter presented to this court for review and is not a matter about which appellants may complain but about which she alone can make complaint. See *Lamar v. Lamar,* 118 Ga. 684 (1) (45 SE 498).

Should we assume that because Mrs. Michaels did not appeal to the jury in the first instance she became no longer a party to the condemnation case and would, therefore, be precluded from objecting to the judgment against her and from entering an appeal from the denial of her motions objecting thereto (entered and filed in the condemnation case of which she had been a party) then, and in that event, this court would likewise be powerless to reverse the trial judge on her behalf and grant relief to her, even though the judgment as to her be erroneous. Under these circumstances her remedy would be an affidavit of illegality in the event the judgment is sought to be enforced upon her by execution; or by motion to vacate and set aside the judgment *as against her.*

3. The appellant Smith has not pointed out or presented to this court any reason as to why, or how, or in what manner, Mrs. Michaels being a party to the judgment is injurious or harmful to him, or even an error

as to him.

Appellant, of course, contends that the rendering of a verdict in a single sum for both pieces of property rather than a separate sum as to each, and the entering of the judgment necessarily following the verdict in this regard, makes it impossible to apportion the amount which is to be reimbursed the condemnor as between the respective pieces of property. We might add it even makes it impossible to determine whether the damage allowed as to tract 1 owned solely by appellant Smith, or tract 2 owned in common by appellant and Mrs: Michaels was reduced or raised, or both reduced, or only one reduced, and if so, which one. *This is what creates the appellant Smith's dilemma. That his sister is a party to the judgment has nothing to do with this problem.* Eliminating her from the judgment would not solve this problem as it would still remain and is the basic problem about which appellant Smith complains. The existence of this problem is a situation about which this court would readily grant a remedy by ordering a new trial; except that to do so would violate a long-established rule of this court and the Supreme Court of this state, which should be applied equally to all appellants. This is the rule that the appellate courts will grant no relief to a party because of an error invited or induced by conduct or contention of the party, or his counsel, as this gives such party no cause for complaint. See *Steed v. State,* 123 Ga. 569 (2) (51 SE 627); *Caesar v. State,* 127 Ga. 710 (57 SE 66); *Howard v. State,* 115 Ga. 244 (41 SE 654); *Realty Co. v. Ellis,* 4 Ga. App. 402 (1) (61 SE 832). The maxim "consensus tollit errorem" applies in civil as well as criminal cases. *Threlkeld v. State,* 128 Ga. 660 (58 SE 49).

In *Caesar v. State,* 127 Ga. 710, supra, it was held: "In the trial of one charged with the offense of murder, the failure of the judge to charge upon the law of voluntary manslaughter will be no reason for reversing the judgment, when the counsel for the accused, in response to a statement by the judge addressed to him, that he did not think it necessary to charge the law of voluntary manslaughter, replied to the judge in such a manner as to indicate that he concurred in this view. A party can not complain of an error which his own conduct

induced."

It is obvious that the acquiescence of appellant's counsel in the charge of the court as to the form and contents of the jury verdict, together with other actions during the trial of the case, but particularly the former, is what has created the dilemma of the appellant. We must refuse, therefore, to grant any relief to him because of the error of which he himself or his counsel is the author. It is also obvious from what we have said above that the appellant cannot complain of the charge as given. The judgment of the trial judge is affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur. Bell, C. J., Deen and Quillian, JJ., concur specially. Evans and Stolz, JJ., dissent. Eberhardt, P. J., disqualified.*

ARGUED OCTOBER 9, 1973 — DECIDED MARCH 12, 1974 — REHEARING DENIED MARCH 26, 1974.

*Bagby, Fudger & Foster, Arthur W. Fudger,* for appellant.

*Lane & Sanders, Thomas C. Sanders,* for appellee.

QUILLIAN, Judge, concurring specially.

Every error in the charge and in the verdict and judgment were all induced by all counsel and acquiesced in by them. Errors of that type do not authorize an appellate court to grant a new trial.

As to the sister-joint owner of one of the tracts taken, she is, as Judge Stolz suggests, totally unaffected by any judgment for she was not a party to the trial. Therefore, the judgment as to her is unenforceable and void. But since all the errors appealed from were self-induced and acquiesced in by counsel, the parties have no standing to complain and are bound by the judgment.

I am authorized to state that Chief Judge Bell and Judge Deen concur with that which is written herein.

STOLZ, Judge, dissenting.

I must respectfully dissent from Divisions 2 and 3 of the majority opinion. Mrs. Michaels *could not* have appealed from the judgment below because she was not a party at the trial of the case.

The condemnation was against two separate tracts of land. The ownership or interest in ownership of each tract was different. Condemnee Mary Lorene Smith Michaels, as owner of an undivided interest in tract 2, had the right of electing between accepting her portion of the special master's award, or appealing to a jury. She evidently chose the former, as no appeal to a jury was filed in her behalf. The condemnor did not appeal. Thus, as between Mary Lorene Smith Michaels and Georgia Power Co., the issues in the condemnation case came to an end when the statutory time passed without an appeal having been filed on her behalf. Thus, the rights of both condemnor and condemnee Mrs. Michaels were adjudicated as a matter of fact and law as to the compensation she was entitled to receive for her interest in tract 2. Nothing that occurred subsequently as to the result of the appeal filed by condemnee Robert J. Smith as to his separate interest in the property, could affect what had been judicially concluded between Georgia Power Co., as condemnor, and Mary Lorene Smith Michaels, as condemnee.

This result is not strange or unusual. It simply recognizes that parties with different interests in a condemnation case may have different opinions as to the advisability of an appeal. The statutes clearly recognize this.

"Where separate and distinct parcels of property are condemned in the same proceeding, the owner or owners of any separate and distinct property may file a separate appeal to a jury in the superior court, as herein provided for." Code Ann. § 36-615a (Ga. L. 1957, pp. 387, 396).

A review of the record in this case reveals a procedural nightmare. It does not take great imagination to determine the position the condemnees would be taking had the jury increased the special master's award. Be that as it may, the transcript reveals with unerring certainty that the case was tried and submitted to the jury on an erroneous theory—that Mrs. Michaels was a party. The judgment of the court against her when she was not a party, is patently erroneous and should not stand. I would reverse and remand the case to the trial court for a new trial. The jury would then determine the

amount of compensation to which Mr. Smith would be entitled as owner of tract 1 and for his undivided interest in tract 2.

I am authorized to state that Judge Evans concurs in this dissent.