BARNES, Presiding Judge,
concurring specially.
While I agree with the majority that the Turrells waived their right to seek sanctions against the defendants in this medical malpractice case, I would find that they did so only because they did not renew their objection when they were presented with the option of doing so or accepting a mistrial. Because I do not agree with all that is said, I concur specially.[9]
First, the plaintiffs in this case did not seek a continuance of the trial at any time. What they sought, reasonably, was for the trial court to defer ruling on their motion for sanctions until the following morning. This request was made after lunch on the fourth day of a five-day trial, after the plaintiffs had presented their evidence and rested. The defendants objected to the request to defer ruling because they did not want to be put to the expense of presenting a few hours of evidence if the trial court was going to rule against them, even though the plaintiff had just gone to the considerable expense of presenting several days’ worth of evidence.
Further, when the plaintiffs asked the trial court to defer ruling until the next morning, they did not know the extent of any efforts by the defendants to influence the treating wound care nurse. After further colloquy, the plaintiffs withdrew their motion for sanctions, but the defendants protested the withdrawal and wanted the matter resolved immediately. At that point the trial court gave plaintiffs’ counsel ten minutes to confer with his client and then “either proceed on the motion or you withdraw it permanently.” The trial court had made it abundantly clear early in the trial that once it ruled, she wanted to hear no further response from the attorneys, and upon his return, counsel chose the lesser of the two evils and again withdrew the motion for sanctions.
The trial court essentially required the plaintiffs to guess whether the defendants had done more than simply pass the plaintiff’s medical records through a defense attorney that the hospital had *618 previously hired to represent the nurse, rather like making them choose to go all in or fold during a game of five-card stud when they had only seen two of their cards.
And the context of the sanctions motion as set out in the majority is incomplete. First, trial counsel had an agreement that they would disclose to opposing counsel who might be coming the next day, an agreement memorialized in the pretrial order. The defendants failed to comply with that agreement. The defense had listed their expert nurse and the treating wound care nurse as may-call witnesses. In opening, plaintiffs referred to anticipated testimony of the expert nurse, who in deposition disputed Dr. McNeel’s opinion that pictures of Mrs. Turrell’s wounds showed no signs of infection, and of the wound care nurse, who also saw signs of infection where Dr. McNeel saw none. During the plaintiffs’ cross-examination of Dr. McNeel on day three of the trial, however, defense counsel objected to a question about the opinion of his hired expert nurse on the ground that the expert was not going to testify. Plaintiffs’ counsel responded that he did not know the defense was not going to call their expert although he had asked who they would call. The court said to defense counsel, “If you weren’t going to call [your expert], you should put them on notice you weren’t going to call her,” and defense counsel replied, “Well, I just have.” The trial court pointed out that because of the “inappropriate” timing of the notice, the plaintiffs were unable to call the expert themselves, but defense counsel responded, “Well, I’m not required to put [plaintiffs’ counsel] on notice, at any time[;] if I choose not to call a witness that’s on the witness list, I don’t have to.”
At the end of the day, defense counsel notified the plaintiffs that they might call the wound care nurse the next day. Before trial began the next morning, plaintiffs’ counsel told the court that he believed that the defense had contacted the wound care nurse ex parte in violation of the QPO and had given her medical records in violation of HIPAA. After discussion, the trial court took the matter under advisement, but when plaintiffs’ counsel stated his understanding that another medical malpractice lawyer, Henry Green, had actually delivered the records to the nurse, the trial court questioned defense counsel further. Counsel explained that she involved Green in the transmission process because the hospital had previously procured him to represent the nurse.
The trial court responded that something was “a little unusual,” and noted that “Mr. Green has been known to communicate with parties and witnesses, and others related to cases, inappropriately, according to some judges. So that really puts a little stick in the wheel *619 there.”[10]
The Turrells did not waive their right to bring a motion for sanctions by declining the trial court’s offer of an immediate mistrial. They waived it by failing to make a contemporaneous objection when they announced their choice. A very long line of Georgia appellate cases has defined waiver as “a voluntary relinquishment of some known right, benefit, or advantage, which, except for such waiver, the party otherwise would have enjoyed.” (Citations and punctuation omitted; emphasis supplied.) Floyd v. Floyd, 291 Ga. 605, 606, n. 3 (732 SE2d 258) (2012). Further, waiver is a unilateral action, Mail & Media v. Rotenberry, 213 Ga. App. 826, 832 (2) (446 SE2d 517) (1994), not an action taken in response to an order to choose one of two possible courses of action. In this case, requiring the plaintiffs to choose between an immediate mistrial or the permanent loss of their ability to move for sanctions does not result in a “voluntary relinquishment” of their right to seek sanctions when they opt to continue the trial. As the Turrells point out, the grant of a mistrial on the fourth day of trial, after they had completed the presentation of their evidence, would have disadvantaged only them, and at that point, they did not know exactly what the defendants had done or why the wound care nurse had become reluctant to testify. Although the trial court found that the Turrells had sufficient information during trial to investigate any alleged misconduct, the court declined to give them until the following morning to look into the issue, but required them to choose after ten minutes of consultation. Agreeing to a mistrial at that point would have been a tremendous gamble in the face of incomplete information.
While the defendants argue that mistrial or waiver were the only proper options the trial court could have offered, the trial court had a third option, which was to make no ruling at all. The Turrells had withdrawn their motion for sanctions, and therefore no motion was pending that required a ruling, much less a preemptive ruling to forestall any future motion for sanctions regardless of any information the Turrells subsequently uncovered about the defendants’ actions.
There is neither reason nor precedent for the proposition that when in a legal proceeding a motion has been submitted to the court and subsequently withdrawn as formally as it *620 was made, the question raised by the motion can be after-wards considered, unless the motion shall have been subsequently renewed.
Decided July 16, 2015 —
Reconsideration denied July 30, 2015 —
Bell Law Firm, Lloyd N. Bell, for appellants.
Huff, Powell & Bailey, Anna B. Fretwell, Erica S. Jansen, for appellees.
Howard v. State, 115 Ga. 244, 250-251 (41 SE 654) (1902).
To quote our Supreme Court in a discovery violation case, a trial “is not supposed to be a game in which the parties maneuver to hide the truth about relevant facts, and when a party does intentionally mislead its adversary, it bears the risk that the truth will later be revealed[.]” Ford Motor Co. v. Conley, 294 Ga. 530, 559 (757 SE2d 20) (2014). In this case, however, we will never know why the wound care nurse became reluctant to testify.
For these reasons, I do not agree with the majority’s analysis of this appeal and its conclusion that the Turrells waived the issue by making the choice forced upon them. But because the Turrells did not renew their objection or make a continuing objection, I agree that the issue was waived on appeal.

 Because I do not agree with all that is said, this opinion is physical precedent only. Court of Appeals Rule 33 (a).

 See Wellstar Health Systems v. Kemp, 324 Ga. App. 629, 637 (1) (b) (751 SE2d 445) (2013) (affirming disqualification of Green and Ms firm for pressuring a physician “directly or indirectly when they discovered that he intended to testify as an expert for [the plaintiff],” which resulted in the physician declining to testify).