## THRELKELD *v.* THE STATE.

1. When in the trial of a murder case the judge requests counsel to define their positions as to the issues involved, and both counsel for the State and for the accused reply that the only issue is the question as to whether the deceased is guilty of murder or not guilty of any offense, and that voluntary manslaughter is not involved, if the court submits the issue to the jury as thus stated, the accused can not, after conviction of murder, founded upon sufficient evidence, complain that the court erred in failing to charge the law of voluntary manslaughter.
2. The extracts from the charge of the court, upon which error is assigned, are not erroneous for any reason assigned.
3. The evidence authorized the verdict. The newly-discovered evidence is not of such character as would probably produce a different result; and the discretion of the judge, exercised in overruling the motion for new trial, will not be interfered with.

Argued June 17,—Decided July 11, 1907.

Indictment for murder. Before Judge Parker. Grady superior court. April 16, 1907.

*W. M. Hammond* and *J. W. Walters,* for plaintiff in error.

*John C. Hart, attorney-general, W. E. Thomas, solicitor-general,* and *S. A. Roddenbery,* contra.

ATKINSON, J. Newton Threlkeld was indicted for murder, and convicted. In his motion for new trial complaint is made that the court omitted to instruct the jury upon the law of voluntary manslaughter, although the evidence showed that offense to be involved. In his order approving the grounds of the motion, the judge certifies that: "During the progress of said case, at the opening of the argument, the court requested counsel to define their positions as to the issues involved in said case. Whereupon counsel for the defendant and also counsel for the State stated in open court that the only issue was the question as to whether the defendant was guilty of murder or not guilty of any offense; that voluntary manslaughter was not involved in the case. The court agreed with counsel in this position, and for this reason the law of voluntary manslaughter was not given in charge." This certificate is conclusive as to what transpired at the time. If voluntary manslaughter was involved, it was the duty of the court to charge with respect thereto; but if the court's omission so to charge was brought about by the conduct of the defendant, it would not lie in the mouth of the defendant afterwards to complain. The maxim, "consensus tollit errorem," applies in criminal cases as

well as in civil cases. *Howard* v. *State,* 115 *Ga.* 244. See also *Cæsar* v. *State,* 127 *Ga.* 711; *Steed* v. *State,* 123 *Ga.* 569, and cit.; *Coney* v. *State,* 90 *Ga.* 140; *Griffin* v. *State,* 113 *Ga.* 279. While a judge is not bound to commit an error simply because he is so requested, yet if an error is committed as the result of a request on the part of the accused, he can not thereafter complain. Able counsel for the defense no doubt believed that it was to the interest of their client that the law of voluntary manslaughter should not be given in charge to the jury, and thereupon took the bold position that the defendant was guilty of murder or of no offense. By taking that position in responding to the inquiry by the court, they waived whatever right they may have had to a charge upon the law of voluntary manslaughter. After making such a waiver, if the evidence authorizes a verdict for murder and the defendant is convicted of that offense, a new trial should not be ordered simply because the court did not instruct the jury upon the law governing the less offense of voluntary manslaughter.

We do not deem it necessary to elaborate upon the rulings expressed in the 2d and 3d headnotes.

*Judgment affirmed. All the Justices concur.*