## BRUCE v. THE STATE.

No errors of law appear for any of the reasons assigned.   The verdict is supported by the evidence, and the court did not err in overruling the motion for a new trial.

                MARCH 11, 1913.

Indictment for murder.   Before Judge Roan.   Fulton superior court.   January 4, 1913.

*Hines & Jordan,* for plaintiff in error.

*T. S. Felder, attorney-general, Hugh M. Dorsey, solicitor-general,* and *E. A. Stephens,* contra.

HILL, J.   Julius Bruce was tried under an indictment charging him with the murder of Arthur Lee Berry.   He was found guilty, and upon recommendation of the jury was sentenced to life imprisonment in the penitentiary.   A motion for a new trial was overruled, and he excepted.

There are numerous assignments of error on the charge of the court and on failure to charge.   These assignments of error are

without merit.  One assignment is, because the court refused to instruct the jury on the law of voluntary manslaughter.  Under the view we take of the case, the court did not err in so ruling.  Voluntary manslaughter is not involved under the facts.  The testimony for the State all tended to show that the killing was unprovoked murder.  The principal witness for the State testified that at the time of the homicide he and several others, including the defendant and the deceased, were standing on the front porch of a certain house, talking.  The defendant said to the deceased, "I started to kill your cousin Christmas."  The deceased replied, "How you going to kill that boy?  He had the ups on you."  The defendant said, "Yes, just like I got the ups on you now, you  .  .  , I am going to kill you," and he shot him.  The defendant backed off the porch after he shot the deceased, and the last seen of him he was going over the hill running.  The deceased had no weapon, so far as the evidence for the State disclosed, and was making no effort to commit a felony or other injury upon the person of the defendant.  The evidence for the defendant tended to show that the deceased had threatened the life of the defendant, and that the threats had been communicated to him.  The only witness for the defendant who claimed to be an eye-witness testified:  When he went over to the house where the homicide occurred, the deceased and the defendant were in the rear of the house, and nobody was with them.  "It looked like this Munk [the deceased] wanted to go in this boy's pocket, and this boy shoved him back, and this other boy shot, and this boy shot, and Munk [the deceased] fell, and another fellow picked his gun up.  .  .  I did not see the gun before the shot was made.  I saw it afterwards.  Julius was retreating; he was coming on towards the front.  When he made the shot the other fellow dropped his gun, and that time the whole lot crowded around him, and I come on out."

Under this evidence we do not think that voluntary manslaughter was involved in the case; and the trial judge did not err in declining to charge the law on that subject.  The court did not err in charging the jury that the homicide was either murder or nothing, nor was such charge erroneous as being an intimation of what had or had not been proved.  The testimony of the defendant's witnesses and his statement to the jury make a case of justifiable homicide; and if believed by the jury, they would have been authorized

· to acquit the defendant. But they evidently did not believe it. And if the jury had convicted the defendant of voluntary manslaughter under the evidence, the verdict could have been set aside, on motion of the accused, as having no evidence to support it. An instruction on the law of manslaughter should not be given where the evidence does not support it. *Futch* v. *State,* 90 *Ga.* 472 (16 S. E. 102) ; *Griffin* v. *State,* 113 *Ga.* 279 (38 S. E. 844).

Upon a review of the whole case we think there are no errors of law, for any of the reasons assigned. The verdict is supported by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*