## MINTER *v.* THE STATE.

1. If voluntary manslaughter was involved, it was the duty of the court to charge with respect thereto; but if the court's omission so to charge was brought about by the conduct of the defendant's counsel, it would not lie in the mouth of the defendant afterwards to complain.
2. The court did not err in failing to charge the jury upon the subject of justifiable homicide.
3. The statements made by the accused as part of the confessions alleged to have been made authorized the charge upon the subject of confessions.
4. In view of the ruling made in the case of *Minter* v. *State*, ante, 127, it is unnecessary to discuss the merits of the exception to the charge set forth in the fourth division of the opinion.

No. 4059. APRIL 19, 1924. REHEARING DENIED JUNE 19, 1924.

Murder. Before Judge Roop. Coweta superior court. November 10, 1923.

*J. S. Hall, George G. Finch,* and *A. Sidney Camp,* for plaintiff in error.

*George M. Napier, attorney-general, William Y. Atkinson, solicitor-general, T. R. Gress, assistant attorney-general, W. L. Stallings,* and *C. H. Arnall,* contra.

BECK, P. J.  J. W. Minter was convicted of the murder of Millard Trouton; and there being no recommendation made by the jury returning the verdict of guilty, he was sentenced to be hanged. He made a motion for a new trial, which was overruled, and he excepted.

1. In several grounds of the motion for new trial exception is taken to the failure of the court to charge the jury upon the subject of voluntary manslaughter. The State introduced evidence to prove confessions made by the accused. The plaintiff in

error insists that parts of these alleged confessions contained statements which, if true, reduced the killing from murder to voluntary manslaughter. Even if, under all the facts, the issue as to whether or not the homicide was voluntary manslaughter was involved in the case, the failure of the judge to charge upon that subject would not require a reversal; for the judge, in a note appended to the motion for new trial, states: "As to grounds 6 and 7 of the amended motion, attention is directed to the defense as related by counsel on page 74 of the brief of evidence. While Mr. Camp [of counsel for the defense] was addressing the jury, in a conference with Mr. Finch, defendant's leading counsel, the court stated to Mr. Finch that he didn't think voluntary manslaughter was involved, that the State's evidence made a case of murder, if anything, to which Mr. Finch agreed. Other than this there was no suggestion by counsel that manslaughter was in the case. In arguing the law of the case to the court, Mr. Finch took the position previously stated by him to the court." In the case of *Threlkeld* v. *State,* 128 *Ga.* 660 (58 S. E. 49), it was said: "If voluntary manslaughter was involved, it was the duty of the court to charge with respect thereto; but if the court's omission so to charge was brought about by the conduct of the defendant, it would not lie in the mouth of the defendant afterwards to complain. The maxim, 'consensus tollit errorem,' applies in criminal cases as well as in civil cases. *Howard* v. *State,* 115 *Ga.* 244. See also *Cæsar* v. *State,* 127 *Ga.* 711; *Steed* v. *State,* 123 *Ga.* 569, and cit.; *Coney* v. *State,* 90 *Ga.* 140; *Griffin* v. *State,* 113 *Ga.* 279. While a judge is not bound to commit an error simply because he is so requested, yet if an error is committed as the result of a request on the part of the accused, he can not thereafter complain."

2. The mere statement in a confession made by the accused that the decedent and the accused "got into a fight and he [the accused] shot him [the decedent] in self-defense," did not require a charge upon the law of justifiable homicide on the ground of self-defense, nor on the ground that the slayer was acting under the fears of a reasonable man that a felony was about to be committed upon him; no fact appearing in the evidence, either from the statement of the accused made in connection with his confession, or in the testimony of witnesses, to show any necessity for the killing, or that the decedent had threatened or was attempting to

assault the accused or to inflict upon him any serious personal injury.

3. The statements made by the accused as part of the confessions alleged to have been made authorized the charge upon the subject of confessions.

4. Exception is taken to the following charge of the court: "So that, if you believe beyond a reasonable doubt the defendant committed the crime as alleged in the indictment, which was the boundary line of Coweta County and Fayette County, if it occurred on the side of Coweta County, and yet beyond the center of the stream of Fayette County, then this county would have jurisdiction. ·Yet if the evidence on that question does not definitely disclose in which county it was committed, then this county would have jurisdiction." It is unnecessary to discuss the merits of the exception to this charge, in view of the ruling made in the case of *Grady Minter* v. *State,* ante, 127 (123 S. E. 23).

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and ATKINSON, J., dissenting. Except as expressed in the note by the judge as quoted in the first division of the majority opinion, the judge approved all the grounds of the motion for a new trial, without qualification. The sixth and seventh grounds of the motion for a new trial relate to failure to instruct on the law of justifiable homicide, and make no reference to voluntary manslaughter. The record brought to this court does not show any "page 74 of the brief of evidence," and it is impossible to tell to what the court alluded by use of the foregoing quoted words. The note by the judge should not be construed as certifying that the attorney for the defendant requested the judge. not to charge the law of voluntary manslaughter or otherwise induced him not to charge on that subject. The facts as to the conduct of the attorney do not bring the case within the ruling in *Threlkeld* v. *State,* 128 *Ga.* 660, cited by the majority. The evidence as to incriminatory statements of the defendant did not show justifiable homicide, but were sufficient to show voluntary manslaughter. It was the duty of the judge, without any request, to charge the law on that subject. The decision in the case of *Hill* v. *State,* 147 *Ga.* 650 (95 S. E. 213), by five Justices, stated a sound principle of law that is applicable to the facts of this case. It was there said: "One ground of the motion for a

new trial is: 'Because the judge in the trial of said case failed to charge the jury upon the principle of law in regard to voluntary manslaughter, as set out in section 65 of the Penal Code, although the evidence adduced upon the trial of said case involved the possible finding by the jury of voluntary manslaughter.' To this ground the judge appended the following note: 'The reason the court failed to charge as complained of was, that the law was not involved, and that both counsel representing the defendant insisted to the court and jury that voluntary manslaughter was not involved.' In a case where the evidence tends to show murder and voluntary manslaughter, if at the request of counsel for the accused, or upon his formal admission that the latter offense is not involved, the judge omits to charge the law relating to voluntary manslaughter, a judgment refusing a motion for a new trial which complains of such omission will not be reversed. *Threlkeld* v. *State,* 128 *Ga.* 660 (58 S. E. 49). In such a case, where there was no such request, or formal admission, the omission to charge would be reversible error. The note by the judge, quoted above, not having been made by the accused or his counsel, should be liberally construed in favor of the accused. *Horton* v. *State,* 120 *Ga.* 307, 310 (47 S. E. 969). Tested by this rule, the judge's note is not to be construed as stating that the counsel for the accused formally admitted that the issues did not involve voluntary manslaughter, or that they requested the judge not to charge the law applicable to voluntary manslaughter. The statements made in the note furnish no reason for failure to charge the law relating to the offense of voluntary manslaughter, and the omission to do so was, under the facts of the case, reversible error."