RIGGINS *v.* THE STATE.

No. 7228. DECEMBER 13, 1929.

*Boyd A. Lovvorn* and *Gilbert C. Robinson,* for plaintiff in error.
*George M. Napier, attorney-general, A. J. Perryman, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HILL, J. Eddie Lee Riggins was indicted and tried for the offense of murder by shooting Brown Smith with a pistol. The jury returned a verdict of guilty, with recommendation to mercy; and he was sentenced to the penitentiary for life. A motion for new trial was overruled, and he excepted. To the general grounds of the motion were added three special grounds. The first of these is but an elaboration of the general grounds, and will be considered in that connection.

The second special ground is as follows: "Because the court erred in failing to charge the jury upon the principle of the law of voluntary manslaughter as set out in section 65 of volume 6 of Park's Annotated Code of Georgia, which charge in all of its phases was demanded under and by virtue of the testimony of Jim Albright as set out in the next preceding assignment, and which testimony is hereby adopted in toto as a basis for this assignment, and made a part thereof. The vice of this assignment being that this testimony demanded a charge on the law of voluntary manslaughter, on each and all of the following principles and theories, to wit, an unprovoked assault by the deceased on the defendant, an attempt by the person killed to commit a serious personal injury upon the defendant, and under that principle or theory, denominated in the statute as other equivalent circumstances, which would

justify the excitement of passion and exclude all idea of deliberation or malice, whether express or implied. We insist that all of these theories of manslaughter should have been given; and we further insist that each of said theories should have been given severally, and that the court in failing to give each one severally or jointly erred." The court added a note to this ground as follows: "At the conclusion of the arguments of counsel for the State and defendant, the court stated to the attorneys that his theory of the case was that it was murder or justifiable homicide, and called on Mr. Robinson, of counsel for the defendant, saying to him, 'How about it, Mr. Robinson?' and to which Mr. Robinson replied, 'That is all right.'" It is insisted by the plaintiff in error that the law of voluntary manslaughter should have been given in charge notwithstanding what transpired between the court and one of counsel for the defendant, inasmuch as the evidence authorized a charge on voluntary manslaughter. Conceding, but not deciding, that manslaughter was involved in the case, the defendant is estopped by the language and conduct of his counsel from now insisting on that theory of the case. The two main witnesses for the State made a case of unprovoked murder, for they testified in effect that they were standing near the deceased when the accused approached and, without anything being said or done on the part of the deceased, began to shoot the deceased at a distance of about twenty feet. They testified that the deceased had no weapon of any sort in his hand and had said and done nothing to provoke a difficulty, and made no attempt in any way to injure the accused. On the other hand, a witness for the accused testified, that, about fifteen or twenty minutes prior to the fatal rencounter, the defendant came in front of the pool-room where the homicide occurred, carrying a suit-case; that the deceased asked the accused whether he had whisky in the suit-case, and the accused replied that he did not know what was in it, as he was carrying it for another man who had paid him for that purpose; that the deceased then said that he was out of money, and had to have money, and that he believed there was whisky in the suit-case and he was going to take it, and he did attempt to take it from the accused, who resisted, and then the deceased took out his knife and cut the hand of the accused until the latter released his hold on the suit-case, when the deceased took it and ran; that the accused then went across the street in the direction that the

deceased had gone, and returned in about fifteen or twenty minutes and found the deceased in the same place in front of the pool-room; that the accused demanded the suit-case, insisting that it belonged to another, and the deceased refused to tell him where it was or to give it up, but commenced to advance on the accused with an open knife, saying that he would cut him again, and while the deceased was still advancing and the accused retreating, and when the deceased was in about four feet of the accused, the latter shot and killed the deceased.

Conceding, but not deciding, that voluntary manslaughter was involved, counsel for the accused will be held to have waived the right to a charge on this subject, and also on the failure of the court to charge on the question of "cooling time." In *Cæsar* v. *State*, 127 *Ga.* 710 (57 S. E. 66), it was ruled as follows: "In the trial of one charged with the offense of murder, the failure of the judge to charge upon the law of voluntary manslaughter will be no reason for reversing the judgment, when the counsel for the accused, in response to a statement by the judge addressed to him, that he did not think it necessary to charge the law of voluntary manslaughter, replied to the judge in such a manner as to indicate that he concurred in this view. A party can not complain of an error which his own conduct induced." In *Minter* v. *State*, 158 *Ga.* 137 (123 S. E. 297), it was held: "If manslaughter was involved, it was the duty of the court to charge with respect thereto; but if the court's omission so to charge was brought about by the conduct of the defendant's counsel, it would not lie in the mouth of the defendant afterwards to complain." See also *Howard* v. *State*, 115 *Ga.* 244 (41 S. E. 654, 90 Am. St. R. 121); *Steed* v. *State*, 123 *Ga.* 569. (51 S. E. 627); *Coney* v. *State*, 90 *Ga.* 140 (15 S. E. 746).; *Griffin* v. *State*, 113 *Ga.* 279 (38 S. E. 844). Tested by the rule announced in the foregoing cases, the note of the judge is to be construed as stating that counsel for the defendant formally admitted that the issues in the case did not involve voluntary manslaughter; and while counsel for the accused did not in so many words say that voluntary manslaughter was not involved, it amounted to such statement; in other words, that there was only one issue in the case, viz., whether under the evidence a case of murder or justifiable homicide was made out. The court charged on murder and justifiable homicide. In view of the foregoing, we

are of the opinion that even if voluntary manslaughter was involved in the case, the defendant's counsel waived the right to have the law on that subject charged, and the court did not err in omitting to charge the law on that subject, and in not defining what was "cooling time."

■ The jury were authorized, under the evidence, to find the accused guilty of murder. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*