## DURHAM *v.* THE STATE.

No. 9590. OCTOBER 11, 1933.

*Mozley & Latimer,* for plaintiff in error.

*M. J. Yeomans, attorney-general, H. G. Vandiviere, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

BELL, J. ■ The defendant was convicted of murder in the killing of his brother, and was recommended to life imprisonment. The evidence authorized the inference that the defendant killed the deceased while he was shooting at another without justification or mitigation, or while he was shooting recklessly, and without regard to human life, into a crowd. The verdict was amply supported by the evidence.

■ "Where the court provisionally admits evidence on the promise of the State's counsel that he will subsequently connect the same and show its relevancy, it is not for the judge on his own motion to determine whether such promise has been kept and to exclude the testimony without a request to that effect by the defendant." *Jordan* v. *State,* 150 *Ga.* 79 (2) (102 S. E. 424). But, independently of this rule, it appears that the evidence objected to in the present case was relevant and admissible.

■ There was some evidence to authorize the charge to the jury relating to the commission of a homicide by deliberately and intentionally shooting into a crowd. The charge was therefore not erroneous as being unwarranted by the evidence.

■ Error was assigned on the following charge to the jury: "If you should find that the State has failed to establish the guilt of the defendant of the crime of murder, or if you have a reasonable doubt about it, then you should give the defendant the benefit of

the doubt and acquit him." This charge was not erroneous because the judge did not, in immediate connection therewith, further instruct the jury that "if they believed or were satisfied from the evidence that the defendant had shown that he was justified in shooting at the time he did shoot, then and in that event he would not be guilty of the crime of murder," an instruction to this effect having been given elsewhere in the charge.

■ Where in the trial of a person indicted for the offense of murder the trial judge specifically inquired of counsel for the defendant whether they contended there was "anything else in this case other than murder or justifiable homicide," and the attorneys for the defendant replied, "No, sir, except it might be an accident or misfortune," the defendant can not, after a conviction of murder founded upon sufficient evidence, complain that the court erred in failing to charge the law of voluntary manslaughter. *Threlkeld* v. *State,* 128 *Ga.* 660 (58 S. E. 49) ; *Riggins* v. *State,* 169 *Ga.* 583 (2) (151 S. E. 15). Upon this question the present case is distinguished from *Andrews* v. *State,* 134 *Ga.* 71 (67 S. E. 422).

■ The court instructed the jury that the defendant contended "in his statement that while he fired the pistol on the occasion in question, he did not point it at any person, and that he did so only in order to scare Will Nichols, but without any intention of hitting him or any other person, and to save his, the defendant's, own life, and to prevent Will Nichols from committing a felony on him." This charge was assigned as error, in the following language : "Movant insists that he made no such contention as set out in the above charge of the court, and for said reason said charge was error and contrary to law." It further appears from this ground of the motion, duly certified by the judge, that the only part of the defendant's statement in reference to the shooting was as follows : "He [Will Nichols] told me that he was going to cut my . . head off. I went running backwards and like to have fell, and I kept begging him not to come on me, and that time I made my first shot. I didn't want to kill anybody, and then accidentally I shot my brother." The defendant's statement did not authorize the charge that he .contended that he did not point his pistol at any person, and that he fired it only to scare Will Nichols, but without any intention of hitting him or any other person; and this error in the charge being apparently material and prejudicial, a new trial

should have been granted on this ground. *Hightower* v. *Ansley,* 126 *Ga.* 8 (6) (54 S. E. 939, 7 Ann. Cas. 927) ; *Smiley* v. *State,* 156 *Ga.* 60 (7) (118 S. E. 713).

<div align="center">

*Judgment reversed. All the Justices concur.*