## BRADSHAW *v.* THE STATE.

BELL, J. 1. The defendant was convicted of murder, and excepted to the refusal of a new trial. The evidence authorized the verdict.

2. In the only two special grounds of the motion for a new trial, error was assigned upon the failure of the court to give in charge to the jury the law of voluntary manslaughter, and upon a charge expressly stating that manslaughter was not involved. In approving these grounds the judge made the following certificate: "Before I charged the jury, counsel for defendant stated to me that he did not think manslaughter was involved in the case, but that he wished self-defense charged. I stated to him that I would charge self-defense, and asked him what about charging on manslaughter; whereupon counsel stated that I need not charge on manslaughter unless I wished to do so." *Held:*

(*a*) The record showing nothing to the contrary, it is presumed that the conversation referred to occurred in open court.

(*b*) Properly construed, the statement by the judge shows what amounted to an admission by counsel for the defendant, made directly to the court, that voluntary manslaughter was not involved in the case, and in these circumstances the alleged errors do not require a reversal. *Riggins* v. *State*, 169 *Ga.* 583 (2) (151 S. E. 15); *Minter* v. *State*, 158 *Ga.* 137 (123 S. E. 297). This case is distinguished from *Andrews* v. *State*, 134 *Ga.* 71 (67 S. E. 422), in which the defendant's attorney had no communication directly with the trial judge, but merely insisted in his argument to the jury that the offense of manslaughter was not involved.

*Judgment affirmed. All the Justices concur.*

No. 9708. OCTOBER 11, 1933.

*D. C. Chalker*, for plaintiff in error.

*M. J. Yeomans, attorney-general, M. H. Boyer, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.