20122. MURRAY *v.* THE STATE.

SUBMITTED JULY 14, 1958—DECIDED SEPTEMBER 5, 1958.

*James N. Rahal,* for plaintiff in error.
*B. D. Dubberly, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

ALMAND, Justice. J. C. Murray, under an indictment charging him with the murder of M. D. Abbott, by shooting him with a shotgun, was found guilty without a recommendation of mercy, and was sentenced to death by electrocution. His motion for a new trial upon the general and special grounds was denied, and he now seeks a review of this judgment.

■ Special ground one assigns as error the court's failure to define manslaughter in its charge to the jury. The evidence on behalf of the State shows that the homicide was premeditated murder. The defendant having introduced no evidence, and there being nothing in his statement that indicates in the slightest that the homicide was manslaughter, the court did not err in failing to charge on the law of manslaughter as defined in Code § 26-1006. See *Bruce* v. *State,* 139 *Ga.* 594 (77 S. E. 797), *Plummer* v. *State,* 200 *Ga.* 641 (38 S. E. 2d 411).

■ In the second ground of the amended motion for a new trial, error is assigned on the court's failure to charge Code § 38-307 as to dying declarations. On the trial of one indicted for murder, where the court after a preliminary hearing admits in evidence dying declarations offered by the State as evidence in the case, the failure of the court to instruct the jury as to their consideration of such evidence is not cause for a new trial, where the State does not rely, as here, for conviction solely on dying declarations, and where there is no appropriate and timely written request for instructions as to them. *Thomas* v. *State,* 150 *Ga.* 269 (1) (103 S. E. 244). This ground is without merit.

■ The third special ground asserts that the court erred in failing to charge Code § 38-411, which provides that a confession, to be admissible in evidence, must be made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury. Failure to charge on the subject of confessions was not error in the absence of a timely written request. *Miles* v. *State,* 182 *Ga.* 75 (2) (185 S. E. 286).

■ The evidence shows a brutal and wanton assassination and fully supports the verdict of the jury.

*Judgment affirmed. All the Justices concur.*