### 23140. ROCHESTER v. THE STATE.

CANDLER, Presiding Justice. Burnell P. Rochester was indicted in Haralson County for the murder of Alice H. Helton. The indictment alleges that he killed her by shooting her with a .38 caliber pistol. He was convicted of that offense and sentenced to life imprisonment. He moved for a new trial

on the usual general grounds and later amended his motion by adding other grounds. He excepted to a judgment overruling his amended motion. *Held:*

1. The general grounds of the motion for new trial are not meritorious since the jury was authorized to find from the evidence that the accused, while drinking, went to a restaurant where the deceased worked, followed her into a rest room and shot her without any justification or provocation, inflicting a wound from which she died.

2. Special ground 1 of the motion for new trial alleges that the court erred in allowing in evidence a written statement which Jackie Hazel gave an agent of the Georgia Bureau of Investigation concerning the homicide of Alice H. Helton. Respecting this ground of the motion, the record shows: Mrs. Jackie Hazel testified as a witness for the State. After she had given her testimony the solicitor general stated in his place that she had in material respects testified differently from statements contained in her written statement concerning the homicide of Mrs. Helton and that he had therefore been entrapped by the witness. Counsel for the accused objected to the admission in evidence of such written statement on the ground that the solicitor general could not impeach his own witness and on the further ground that the writing contained some statements about which the witness had not been questioned by the solicitor general. Over such objections, the statement was allowed in evidence and the court both at the time of its admission and later in his charge instructed the jury that it could be used and considered by them only for the purpose of impeaching the witness. In these circumstances and under the rulings of this court in *Sparks v. State,* 209 Ga. 250 (2) (71 SE2d 608) and *Kemp v. State,* 214 Ga. 558 (105 SE2d 582), the court did not err, as movant contends, in allowing such statement in evidence solely for impeachment purposes.

3. Over an objection by the accused that no proper foundation had been laid therefor and that the statements were only conclusions of the witness, L. P. Allen, the Sheriff of Haralson County, as a witness for the State, was allowed to testify that he saw the accused in Tallapoosa on the day of and shortly after the homicide of Alice H. Helton; that the accused at that time told him that he had left his pistol with Doogan Ray; that the accused told him that he wanted to

talk to him; that he asked the accused if he did not wish to talk to an attorney; that the accused replied by saying, "I want to talk to you first"; that he asked the accused "What happened—why he did it?" and he said "She wasn't treatment him right"; that the accused then went alone to the county jail in Buchanan; that he got the defendant's pistol from Mr. Ray and on the following day he asked him if that was the pistol he used and the accused freely and voluntarily said that it was and that he "had not placed him in any fear of punishment or given him any hope of reward to get him to talk to him." Special ground 2 of the motion, which assigns error on the admission of this testimony, is clearly without merit. See *Blount v. State*, 213 Ga. 552 (1) (100 SE2d 172); *Pugh v. State*, 219 Ga. 166 (132 SE2d 203); and *Sims v. State*, 221 Ga. 190 (144 SE2d 103).

4. The judge charged the jury that a witness may be impeached by disproving the facts testified to by him, or by contradictory statements previously made by him as to matters relevant to his testimony and in connection with this, he also charged: "Statements made out of court, not under oath, are not evidence, but they are to be considered by the jury and by you only on the question of impeaching or discrediting the attacked witness. When the credibility of a witness is attacked, as by an effort to impeach him in the methods which I pointed out to you that the law provides, the jury then becomes the triors of the credibility of the witness sought to be impeached, and of the witness or witnesses by whose testimony the attack is made. You are to weigh the opposing testimony of the witness sought to be impeached, and consequently give credit to that introduced by way of impeachment, or whether you will discredit the testimony introduced for the purpose of impeachment, and credit that of the witness attacked. In other words, it is the exclusive province of you, gentlemen of the jury, under all the circumstances and conditions, to determine whether a witness has or has not been successfully impeached." Special ground 3 of the motion alleges that this charge on impeachment was erroneous because the court failed to give in charge other applicable and appropriate instructions. This ground of the motion is not meritorious. It is not a good assignment of error on a portion of the judge's charge to the jury, which states a correct principle of law applicable to the case, that some

other appropriate instruction was not also given in charge. *Lumpkin v. State,* 152 Ga. 229 (3) (109 SE 664); *Burns v. State,* 188 Ga. 22, 27 (1c) (2 SE2d 627); and *Albert v. State,* 215 Ga. 564 (4) (111 SE2d 215).

5. The remaining special ground of the motion for new trial alleges that the court erred in failing to charge the jury on the law respecting confessions, incriminating statements and admissions. There was no written request for a charge on these subjects and in the absence of such a request a failure to charge thereon was not error. *Miles v. State,* 182 Ga. 75 (2) (185 SE 286); and *Murray v. State,* 214 Ga. 350 (104 SE2d 905).

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED SEPTEMBER 15, 1965—DECIDED OCTOBER 11, 1965.

*Howe & Murphy, Harold L. Murphy, D. B. Howe,* for appellant.

*Dan Winn, Solicitor General, John T. Perrin, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.