## 57594. MARTIN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of aggravated assault. *Held:*

1. The defendant admitted he shot the victim but claimed he did so in self-defense. The state's witnesses' testimony was in conflict with that of the defense. The jury is the final arbiter. They resolved the conflict against the defendant. There is sufficient evidence to support the verdict. The enumeration of the general grounds is without merit.

2. A witness for the state testifed that after the shooting the defendant, Franklin Martin, pulled the phone off its receiver by pulling the wires out. A witness for the defendant testified that "Jack" was "the only person that [she] saw at the phone at that time." Over objection, the state was permitted to require the defense witness to read aloud her testimony at the committal hearing that when she was telephoning the sheriff "Frank [Martin] was pointing the pistol at me but didn't shoot. Instead he ran and pulled the phone out of the wall."

Thereafter, she explained that she did not see the defendant point a gun at her but that is what she was told, and she did not know who pulled the wires out of the phone but the only person she saw was "Jack."

We find no prejudice to the defendant in the procedure followed. A witness may be impeached by prior contradictory statements "as to matters relevant to his testimony . . . and if in writing, the same shall be shown to him, or read in his hearing." Code Ann. § 38-1803 (Code § 38-1803). Thus, it was not error to read aloud the testimony considered to be impeaching. See *Atlanta Transit System v. Biggs,* 133 Ga. 960, 962 (213 SE2d 87). Nor was admission of slightly more than that portion relating to the contradictory statement fatal error. *Campbell v. State,* 157 Ga. 233, 235 (121 SE 306); *Pistor v. State,* 219 Ga. 161 (2)(b) (132 SE2d 183); *Rochester v. State,* 221 Ga. 451 (2) (145 SE2d 505); *Smith v. State,* 236 Ga. 12 (12) (222 SE2d 308).

In any event, if error—it is highly probable that it did not contribute to the verdict of guilty. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED APRIL 24, 1979.

*Hughes & Ledford, Thomas G. Ledford,* for appellant.

*Benjamin L. Bateman, District Attorney, Caryn A. Smith, Assistant District Attorney,* for appellee.