66636. FIELDS v. THE STATE.

DEEN, Presiding Judge.

Jimmy Dean Fields appeals his conviction of aggravated assault and sentence of six years, 2-1/2 to be served in prison and 3-1/2 on probation.

1. The victim, Jimmy Jones, testified that he and Eugene Broxton went to the Chicken Shack, a restaurant in Fort Valley, Georgia, looking for Bessie Everett, Jones' girl friend, to ask about a knife belonging to Jones that was missing from the residence he and Ms. Everett shared. While Jones and Ms. Everett were talking, appellant approached and Broxton warned Jones that appellant had a knife. Jones and Broxton both testified that the conversation between Jones and Ms. Everett was peaceful and that Jones had done nothing to provoke either Ms. Everett or appellant. However, when Jones walked away after Broxton warned him of appellant's knife, appellant stated "Here go your knife," and stabbed Jones in the back. Jones ran across the street, pursued by appellant, and picked up a

stick. When appellant backed off, Jones went home where he passed out and was taken to the hospital.

Appellant and Bessie Everett both testified that they were husband and wife and had been married prior to the incident. They stated that Jones was "pulling on" Ms. Everett at the Chicken Shack, trying to get her to go back to him as his girl friend. When appellant approached, angry words were exchanged between him and Jones, and Jones hit appellant in the face. Jones then pulled a knife from his pocket and the two men began "tussling." The knife dropped to the ground and appellant retrieved it, intending to throw it away. When Jones attacked him again, however, appellant accidentally cut him. Appellant also testified that Jones then ran across the street where Broxton handed him a pistol, which he fired at appellant. The knife used by appellant was never recovered.

The arresting officers testified that when they went to the Chicken Shack and asked if appellant was there, no one spoke up. When they returned after receiving information that appellant was hiding there with a hat "jerked down over his head," he was apprehended and arrested. The state introduced in evidence a knife which was identified by Jones as similar to the one he owned.

Appellant contends that the evidence did not prove his guilt beyond a reasonable doubt. We do not agree. Appellant admitted he stabbed the victim, but claimed it was an accident. "The state's witnesses' testimony was in conflict with that of the defense. The jury is the final arbiter. They resolved the conflict against the defendant. There is sufficient evidence to support the verdict." *Martin v. State,* 149 Ga. App. 705 (1) (256 SE2d 101) (1979).

2. Appellant insists that it was error to admit in evidence a knife that was not connected either with him or with the alleged aggravated assault, citing as authority *Paxton v. State,* 160 Ga. App. 19 (6) (285 SE2d 741) (1981) and *Cunningham v. State,* 248 Ga. 835 (4) (286 SE2d 427) (1982). These cases are inapposite in that the items introduced there were not identified as having been used or similar to those used by the defendant in the commission of the crime. "Where, as here, the victim of a crime identifies a weapon as similar to that used in the commission of the crime, the weapon is admissible whether or not it is the identical weapon. [Cits.]" *Duvall v. State,* 238 Ga. 325, 326 (232 SE2d 918) (1977). "It was undisputed that the defendant used a knife and whether the one admitted into evidence was the one actually used or was only similar to the knife used by the defendant makes no material difference. [Cit.]" *Davis v. State,* 230 Ga. 902, 905 (5) (199 SE2d 779) (1973). See also *Gunn v. State,* 245 Ga. 359 (4) (264 SE2d 862) (1980).

3. Since the appellant expressly argues that at no time did he

"claim that he intentionally cut the victim . . .," and cites no evidence of record to support his contention that a charge on self-defense or justification was warranted, the trial court did not err in refusing to instruct the jury on these theories. The defenses of self-defense and justification do not deny the intent to inflict injury, but claim authority for the act under the legal excuse of reasonable fear of immediate serious harm to oneself or another. OCGA § 16-3-21 (Code Ann. § 26-902). Since an accident defense involves the lack of intent to do the act at all (OCGA § 16-2-2 (Code Ann. § 26-602)), the two defenses are inconsistent. *Boling v. State,* 244 Ga. 825 (9) (262 SE2d 123) (1979); *Williams v. State,* 163 Ga. App. 420 (294 SE2d 622) (1982).

4. Nor did the trial court err in considering information as to an altercation between appellant and a deputy sheriff taking him to his cell during the trial prior to sentencing. Although the deputy was not sworn at the time the judge questioned them about the incident, no objections were then raised as to the proceedings nor to the opportunity to cross-examine or present further evidence. Thus the trial court determined that appellant's conduct would require him to serve an additional six months in the penitentiary beyond what the court had previously been intending. "Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation, subject to the notice provisions of [OCGA § 17-10-2 (Code Ann. § 27-2503)]." *Fair v. State,* 245 Ga. 868, 873 (4) (268 SE2d 316) (1980). Appellant's failure to object to the fact that the deputy was not sworn or to any lack of notice waives his right to raise such objections. *McDuffie v. Jones,* 248 Ga. 544 (3) (283 SE2d 601) (1981).

Moreover, more diverse types of information may be considered in "aggravation" or for the purpose of "deciding whether to suspend or probate" part of the sentence to be imposed under OCGA § 42-8-34 (Code Ann. § 27-2709). *Moss v. State,* 159 Ga. App. 317 (283 SE2d 275) (1981). Appellant's sentence was already set at six years and the information complained of was considered by the trial court merely to determine what portions would be served on probation or incarceration. We find no grounds for reversal for any reason assigned.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1983.

*Robert M. Bearden, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, G. F. Peterman III, Assistant District Attorneys,* for appellee.