## 77875. HARRIS v. THE STATE.
(379 SE2d 600)

POPE, Judge.

Defendant appeals from his convictions and sentences for the offenses of reckless driving, improper U-turn, leaving the scene of an accident, operating a motor vehicle with an expired license and aggravated assault.

1. Defendant first asserts the general grounds, arguing that the evidence against him was insufficient because the testimony of the State's witnesses differed from that given by witnesses for the defense, specifically as to whether defendant or someone else was driv-

ing the car that hit the victim's car, and whether or not the defendant threatened the victim with a knife or merely threatened to slash her tires.

" 'It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. (Cit.) Viewing the evidence in that light, we are satisfied that any rational trier of fact could have found [defendant] guilty beyond a reasonable doubt. (Cit.); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).' *Blackman v. State*, 178 Ga. App. 88 (1) (342 SE2d 24) (1986)." *Hendrix v. State*, 186 Ga. App. 665, 666 (368 SE2d 181) (1988).

2. Defendant also argues that the trial court erred by expressing its opinion as to the credibility of the witnesses and by limiting the defendant's right of cross-examination. We have examined the record as to each incident complained of and find that the trial court neither intimated nor expressed an opinion as to the witness' credibility nor did it improperly limit defendant's right to a thorough and sifting cross-examination of the witness. On the contrary, in each instance complained of defense counsel's questions and remarks to the witness were clearly inappropriate, and the trial court acted properly in disallowing the question and admonishing counsel for his improper remark.

3. Likewise, we find no merit to defendant's contention that the trial court improperly allowed the State to pose leading questions on re-direct examination of the victim. The record shows that the court overruled defendant's objection to the question asked, but instructed the State to "simply ask [the witness] what [the defendant] said when he got out of the car." Thus, the court did not allow the State to use leading questions in examining the witness. Moreover, inasmuch as the witness simply reiterated testimony previously given on direct, we fail to see, and defendant has failed to show, how he has been harmed by the court's ruling.

4. Lastly, we find that the trial court did not err in finding inadmissible the evidence defendant sought to introduce concerning charges brought against and punishment received by other participants in the incident forming the basis of the charges against the defendant.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 28, 1989.

*Lee Payne*, for appellant.
*John M. Ott, District Attorney, J. Ellis Millsaps, Assistant Dis-*

*trict Attorney*, for appellee.