A00A0112. FORTSON v. THE STATE.
(529 SE2d 429)

PHIPPS, Judge.

An indictment was returned charging Alcindor Fortson and Gregory Wade with the armed robbery of Joseph Fulcher and burglary of his residence. The cases were severed for trial. Fortson appeals his conviction of burglary and sentence to 20 years imprisonment. He challenges the sufficiency of the evidence to support the verdict, the admission of evidence that he committed a crime not charged in the indictment, and the court's consideration of a presentence investigation report. Finding the evidence sufficient and an absence of reversible error, we affirm.

At the time of trial, Fulcher was 78 years old. He sells cars from his residence. He testified that on July 17, 1998, two men appeared at his door. In describing the men, Fulcher could say only that one was bigger than the other. Fulcher testified that when he answered the door, the smaller man announced that he had been at Fulcher's house a few weeks earlier looking at a car but, on this occasion, had come to rob him. According to Fulcher, the smaller man then pushed him backwards. Once inside the house, the larger man pistol-whipped Fulcher, "busted [his] head open" and caused abrasions to numerous areas of his body. In short order, the men took Fulcher's billfold, but expressed dissatisfaction with the cash and checks in it. Fulcher told them that he had a small amount of cash in a jar in the bathroom linen closet. The smaller man went into the bathroom and

---

[14] See *Jackson*, supra, 443 U. S. 307.

removed the contents of the jar, which included three certificates of deposit and cash. Afterward, the men fled. Later that day, a forged check drawn on Fulcher's account and made payable to Gregory Wade was cashed. Through expert testimony, the handwriting on the check was shown to be Fortson's. His fingerprints were also lifted from Fulcher's bathroom.

Fortson does not deny his presence along with Wade at the crime scene. And it is undisputed that Fortson is much smaller than Wade. Fortson testified that on the day in question he was going to Fulcher's residence simply to make a down payment on the car he had seen earlier and that Wade had agreed to give him a ride there. According to Fortson, he was surprised when Wade brandished a gun and began assaulting Fulcher with it. Although Fortson acknowledged that he removed the jar from the linen closet of the bathroom and then forged the check cashed later that day, he claimed that he did these things only because Wade threatened him with the gun. Over objection, the State was allowed to impeach Fortson by showing that about six days after the robbery, without coercion, he forged an endorsement on another check taken from Fulcher.

Fortson also testified that Derrick Turner rode with him and Wade to Fulcher's house. Turner appeared as a defense witness. Testimony given by him concerning events before and after the robbery supported Fulcher's claim that he was not a willing participant.

1. It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony.[1] When viewed in a light most favorable to the jury's verdict, the evidence was sufficient to enable any rational trier of fact to have found Fortson guilty of burglary beyond a reasonable doubt.[2]

2. Fortson contends that the court erred in admitting evidence of the forgery which took place some six days after the burglary, as the indictment did not charge the indictees with theft or forgery of checks, and as the State did not comply with Uniform Superior Court Rules (USCR) 31.1 and 31.3 for the admission of similar transaction evidence.

We find no error. The procedural requirements of USCR 31.1 and 31.3 do not apply either to impeachment evidence or to evidence of similar transactions or occurrences which are immediately related in time and place to the charge being tried so as to be part of a single, continuous transaction.[3] Evidence that Fortson had forged the check at issue without coercion was admissible to impeach his testimony that he had committed the earlier forgery only because he was

---

[1] *Harris v. State*, 190 Ga. App. 516, 517 (1) (379 SE2d 600) (1989).
[2] Id.
[3] USCR 31.3 (E).

coerced into doing so. A witness may be impeached by proving that statements made by him in his testimony are not the truth.[4] Moreover, Fortson's forgery of a check taken in the robbery several days after its occurrence was sufficiently connected in time and event to the robbery so that both offenses were part of a single transaction.[5]

3. Finally, Fortson contends that the trial court erred in denying his motion to exclude the presentence investigation report because the report included criminal charges that did not result in convictions, and the officer who prepared the report recommended that the sentence proposed by the district attorney be served without possibility of parole.

After the trial concluded, sentencing was delayed at the behest of defense counsel so that the presentence report could be prepared. Unhappy with the contents of the report, the defense later moved to exclude it. The court denied the motion, after noting that it had already read the report.

It is true that while a trial court is authorized to consider presentence investigation reports for the purpose of deciding whether to suspend or probate all or part of the defendant's sentence, it cannot use the reports to determine the length of sentence.[6] But the record here does not support Fortson's assertion that the court used the report for this improper purpose. The recommendation that the court impose the maximum 20-year sentence originated with the State. The transcript of the presentence hearing shows that the prosecuting attorney had not even read the report and based his sentencing recommendation on the evidence presented at trial.[7] Although the report added a suggestion that the 20-year sentence be served without possibility of parole, Fortson's sentence was not subject to such a condition and the court properly disregarded the recommendation. Because the transcript does not affirmatively show that the court used the presentence report for the unlawful purpose of increasing the sentence, no cause for reversal is shown.[8]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 9, 2000.

*John W. Donnelly*, for appellant.

---

[4] *Middle Ga. &c. R. Co. v. Barnett*, 104 Ga. 582, 584 (1) (30 SE 771) (1898).

[5] See *Baird v. State*, 207 Ga. App. 44, 45 (2) (427 SE2d 37) (1993); *Branam v. State*, 204 Ga. App. 205, 208 (5) (419 SE2d 86) (1992).

[6] *Williams v. State*, 165 Ga. App. 553, 554 (3) (301 SE2d 908) (1983).

[7] Compare *Sinkfield v. State*, 262 Ga. 239 (2) (416 SE2d 288) (1992).

[8] *Green v. State*, 193 Ga. App. 464 (388 SE2d 57) (1989).

Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney, for appellee.