## A00A0661. GREEN v. THE STATE.
(536 SE2d 565)

MILLER, Judge.

The two issues on appeal are (1) whether the testimony of three witnesses that the defendant did not act in self-defense in shooting the victim is sufficient evidence to convict on an aggravated assault charge, and (2) whether the prosecutor's closing argument that a "not guilty" verdict would send the wrong message to the community is permissible argument. We answer both questions in the affirmative and affirm.

Construed in favor of the verdict, the evidence shows that Tony Green and his brother visited the residence of the brother's supposed girlfriend and while there engaged in arguments (including the exchange of crude and offensive insults) with the girlfriend, her father, her uncle, and her former boyfriend about the paternity of the girlfriend's seven-month-old child. Green left the residence and returned to just outside the open door with a gun, which he used to shoot the former boyfriend in the neck. Green and his brother fled and were apprehended at their residence.

At trial, Green admitted to the shooting but testified that the victim threatened to shoot Green and his brother and was about to do so when Green fired. The girlfriend's father, uncle, and the victim all testified that the victim made no threats and bore no weapon at the time of the shooting. After the jury found Green guilty of aggravated assault[1] and possession of a firearm during the commission of a fel-

---

[1] OCGA § 16-5-21 (a) (2).

ony,[2] Green pled guilty to possession of a firearm by a convicted felon.[3]

1. Green contends the evidence was insufficient because the State's witnesses were not credible and gave conflicting accounts of the incident. But it is the jury's function to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony.[4] As the final arbiter of whether the accused acted in self-defense, the jury may disbelieve the accused and reject his defense when there is competent evidence that the accused acted without legal justification.[5] Based on the testimony of the three witnesses, a rational trier of fact could have found beyond reasonable doubt that Green did not act in self-defense.[6]

2. Green contends the trial court erred in allowing the prosecutor to say in closing argument that a "not guilty" verdict would send a message to the community that insults alone justified the offended person shooting the insulter. But closing argument references to what message a "not guilty" verdict would send to the community regarding safety or principles of right and wrong are permissible forms of argument.[7] "A prosecutor may appeal to the jury to convict for the safety of the community or to send a message to others that criminal activities will be punished."[8] We discern no error here.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 29, 2000.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[2] OCGA § 16-11-106 (b) (1).

[3] OCGA § 16-11-131 (b).

[4] *Fortson v. State*, 242 Ga. App. 304, 305 (1) (529 SE2d 429) (2000); accord *Reeves v. State*, 244 Ga. App. 15, 17 (1) (a) (534 SE2d 179) (2000).

[5] *Martin v. State*, 149 Ga. App. 705 (1) (256 SE2d 101) (1979); accord *Brown v. State*, 226 Ga. App. 447-448 (1) (486 SE2d 678) (1997); *Moses v. State*, 166 Ga. App. 425 (1) (304 SE2d 528) (1983).

[6] See *Martin*, supra, 149 Ga. App. at 705 (1); see generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] *Thomas v. State*, 268 Ga. 135, 140 (14) (485 SE2d 783) (1997).

[8] (Citations omitted.) *McClain v. State*, 267 Ga. 378, 385 (4) (a) (477 SE2d 814) (1996); accord *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993).